**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY RICHARD,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>M. MARTINEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-06-1513 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>[Doc. 5] |

　　　　Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the court is plaintiff's motion for preliminary injunctive relief, filed December 12, 2006. Plaintiff seeks a preliminary injunction requiring Avenal State Prison and CDCR staff from retaliating against him and from opening his mail. Plaintiff also seeks an order transferring him to another prison.

　　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable

1  injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the
2  merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits,
3  or questions serious enough to require litigation." Id.

4      "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject
5  matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the*
6  *court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis
7  added). Plaintiff has not yet submitted a proper application to proceed in forma pauperis nor has
8  plaintiff paid the appropriate filing fee for this action. Consequently, the Court has not yet determined
9  whether plaintiff's complaint states a cognizable claim for relief. 28 U.S.C. § 1915A. Plaintiff is not
10 entitled to preliminary injunctive relief until such time as the court finds that his complaint contains
11 cognizable claims for relief against the named defendants and the named defendants have been served
12 with the summons and complaint. At this juncture, plaintiff's motion for preliminary injunctive relief
13 is premature. Plaintiff may file another motion for preliminary injunctive relief at a later stage. Plaintiff
14 is cautioned to any further motions for preliminary injunctive relief that are filed before defendants are
15 served with process in this case will be denied as premature.

16     Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
17 preliminary injunctive relief, filed on December 12, 2006, be denied, without prejudice, as premature.

18     These Findings and Recommendations will be submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days
20 after being served with these Findings and Recommendations, plaintiff may file written objections with
21 the court. The document should be captioned "Objections to Magistrate Judge's Findings and
22 Recommendations." Plaintiff is advised that failure to file objections within the specified time may
23 waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

27     IT IS SO ORDERED.
28     Dated:   **December 15, 2006**              /s/ **Dennis L. Beck**

1  3c0hj8                                              UNITED STATES MAGISTRATE JUDGE