IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY C. RICHARD,<br><br>                Plaintiff,<br><br>     vs.<br><br>M. MARTINEZ, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. 1:06-1513 OWW DLB PC<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND<br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND.<br><br>OBJECTIONS DUE IN THIRTY DAYS<br>[Doc. 1] |

Plaintiff Timothy C. Richard ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on October 26, 2006.

I.    Discussion

    A.    Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any

1

filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.     Summary of Plaintiff's Complaint

Plaintiff is currently incarcerated at Avenal State Prison in Avenal, California which is where the events at issue allegedly occurred.  Plaintiff names M. Martinez, a mail room staff member; M. Cruz, a mail room sergeant, and T. Stiles, Appeals Coordinator as defendants.  Plaintiff seeks declaratory, injunctive and monetary relief.  He also alleges that he exhausted the available administrative remedies.

In his complaint, plaintiff alleges that mail from federal agencies marked as "official business" was improperly opened by the staff in the prison mail room. Specifically, plaintiff alleges that on November 2, 2005, plaintiff submitted an inmate appeal to the appeals coordinator that the staff was opening mail marked as official business from a federal agency. On March 27, 2006, May 16, 2006, and June 17, 2006, the mail room again opened his mail marked as official business from the U.S. Marine Corps and the Department of Veteran's Affairs.  Plaintiff also alleges that when legal mail that he sent to his family on July 1, 2006 arrived at is family's residence, the letter was identified by the U.S. Postal Service as being opened and damaged.  Finally, plaintiff alleges that in June 2006, he received legal mail from the United States District Court for the Central District of California in twelve days when he should have received it within four to five days. Plaintiff alleges that the mishandling of mail was in violation of his First, Fourth and Fourteenth amendments rights, as well as his right to privacy.

He also alleges that the prison is not following their own administrative regulations.

C. <u>1983 Analysis</u>

    1.    <u>Opening of in-coming mail from federal agencies</u>

Plaintiff alleges the prison mail room staff inappropriately opened letters that were marked as official business from the U.S. Marine Corps, and the Department of Veteran's Affairs. As a preliminary matter, plaintiff alleges that because these letters were official business from a federal agency, they were confidential mail subject to the provisions outlined in Title 15 of the California Code of Regulations (CCR) §§ 3141-3145 and the prison did not properly apply their own regulation. 15 CCR §§ 3141-3145.

Plaintiff has erroneously applied this regulation to his situation. 15 CCR § 3141(a) indicates that prisoners may have confidential correspondence with certain individuals listed in section 3141(c). The list includes : 1) state and federal elected officials, 2) all state and federal officials appointed by the governor or the President of the United States, 3) various officials having responsibility for the inmate's custody, parole, or probation services, 4) county agencies related to child custody proceedings, 5) all state and federal judges and courts, 6) an attorney, 7) certain officials at the California Department of Corrections, and 8) legitimate legal service organizations. 15 CCR § 3141(c). Federal agencies identified by plaintiff are not on the list, therefore, they are not covered by the regulation. Further, plaintiff cites § 3143 for the proposition that letters bearing the name or title and a return address of the persons for the individuals listed in §3141 shall be processed as confidential mail that shall not be read a staff member. However, §3141 clearly indicates that incoming correspondence bearing only a department or agency return address without any reference to the name or title of the agency of the officials listed in section 3141 will be processed by designated employees as nonconfidential correspondence.

In addition, plaintiff alleges a violation of his right to privacy, and a violation of the First and Fourth Amendments, as well as a due process violation under the Fourteenth Amendment. Plaintiff however, has not articulated a basis for these constitutional violations, and the receipt and sending of mail is not constitutionally protected by all of the amendments as alleged by plaintiff. Prisoners do have "a First Amendment right to send and receive mail."  <u>Witherow v. Puff, 52 F. 3d 264, 165 (9th Cir.</u>

1995)(per curiam). However, the mere fact that prison officials open and conduct a visual inspection of a prisoner's mail does not state a claim for a violation of a prisoner's constitutional rights. Specifically, inmates are not entitled to have mail sent to them from public agencies, public officials, recognized civil groups, and news media opened only in their presence. Mann v. Adams, 846 F. 2d 589 (9th Cir 1988). Therefore, the fact that letters from federal agencies were opened outside of plaintiff's presence does not rise to a constitutional violation.

2. <u>Legal Correspondence</u>

Legal correspondence may in some instances be constitutionally protected. Prison officials, may consistent with the First Amendment open mail from attorneys in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). In Wolff v. McDonnell, the Supreme Court noted that inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires. Id. at 577. The issue of whether or not prison officials may also, consistent with the First Amendment, open and visually inspect mail from attorneys outside the presence of the prisoner has not been decided by the Supreme Court or by the Ninth Circuit.

In Wolff v. McDonnell, the legal mail at issue was mail sent to respondent from his own attorney. Correspondence between an attorney and a client is entitled to special protection under the attorney-client privilege. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

In this case, plaintiff alleges that legal correspondence that he sent to his family arrived opened and damaged. However, plaintiff has not specified what the legal correspondence was, nor has he established that prison staff was responsible for opening the mail. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]  . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

1

2   In order to state a claim for relief under section 1983, plaintiff must link each named defendant with
3   some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Plaintiff is
4   advised that section 1983 plainly requires that there be an actual connection or link between the actions
5   of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.
6   Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth
7   Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the
8   meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits
9   to perform an act which he is legally required to do that causes the deprivation of which complaint is
10  made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In other words, plaintiff must allege that
11  a specific person in the mail room is responsible for opening up the mail.  Additionally, plaintiff must
12  indicate specifically what the legal correspondence was that he mailed, as well as how the outside of the
13  envelope identified that the letter contained legal correspondence.  As noted above, legal correspondence
14  to an attorney may be constitutionally protected, but other legal correspondence such as court documents
15  are not.

16          Finally, plaintiff is advised that under section 1983, liability may not be imposed on supervisory
17  personnel for the actions of their employees under a theory of respondeat superior.  When the named
18  defendant holds a supervisorial position, the causal link between the defendant and the claimed
19  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.
20  1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To
21  state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts
22  indicating that the defendant either: personally participated in the alleged deprivation of constitutional
23  rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy
24  so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of
25  the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations
26  omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are
27  broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant
28  County Narcotics Unit, 507 U.S. 163, 168 (1993).

1    In this case, plaintiff has named M. Martinez, a mail room staff member; M. Cruz, a mail room
2 sergeant, and T. Stiles, Appeals Coordinator as defendants.  While M. Martinez appears to be a mail
3 room clerk, it is unclear whether the other two individuals are supervisors in their respective
4 departments, as well as what role, if any either of these individuals played in plaintiff's case.  Plaintiff
5 is advised that in order to name supervisors as defendants, the legal standard outlined above must be met.

6    3.    Mail Delay

7    Plaintiff alleges that he received mail from the United States Distict Court, Central
8 District of California in twelve days rather than in four to five days.   A delay in the receipt of mail,
9 alone, does not rise to the level of a constitutional violation.

10 D.    Conclusion

11   The court finds that plaintiff's complaint does not contain any cognizable section 1983 claims
12 with regard to the opening of plaintiff's mail marked as official business from federal agencies.  Further,
13 the court finds that plaintiff's complaint with regard to obtaining court documents late from the United
14 States District Court, Central District of California is also not a cognizable claim.  However, the court
15 will provide plaintiff with the opportunity to file an amended complaint with regard to the allegations
16 surrounding the opening of mail that contained legal correspondence.  Plaintiff should carefully review
17 the legal standards provided by the court in this order and amend that claim with regard to this issue only
18 if plaintiff believes, in good faith, it is cognizable.

19    Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
20 complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint
21 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff
22 files an amended complaint, the original pleading no longer serves any function in the case.  Therefore,
23 in an amended complaint, as in an original complaint, each claim and the involvement of each defendant
24 must be sufficiently alleged.

25    Accordingly, based on the foregoing, it is HEREBY ORDERED that:
26    1.    Plaintiff's complaint with regard to the opening of outgoing mail containing legal
27        correspondence is dismissed, with leave to amend, for failure to state a claim
28        upon which relief may be granted.  Within **thirty (30)** days from the date of the

adoption of this Finding and Recommendation by the District Court, plaintiff shall file an amended complaint with regard to this issue only. The failure to file an amended complaint will result in a recommendation that this action be dismissed for failure to obey a court order and failure to state a claim upon which relief may be granted; and

2. Plaintiff's compliant with regard to the opening of mail marked as official business from federal agencies is dismissed for failure to state a claim upon which relief may be granted; and

3. Plaintiff's compliant with regard to the delay in receiving court documents from the mail room is dismissed for failure to state a claim upon which relief may be granted;

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 17, 2007**         /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE